IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAW OFFICES OF WLLIAM W. MCVAY and<br>WILLIAM W. MCVAY, ESQ., individually | )<br>)<br>) |
| Appellants, | ) |
| | ) |
| -vs- | ) |
| | )   Civil Action No.  06-704 |
| | ) |
| CHARLES F. SZEG and JUDITH E. SZEG, | )  Bkcy. Court No. 05-28355-JAD |
| | ) |
| | )  Adversary No.   05-3096 |
| Appellees. | ) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

## SYNOPSIS

Before the Court is an appeal from an Order of the Bankruptcy Court dated April 19, 2006 ("April Order"), which vacated a previous Order of the same court dated December 8, 2005 ("December Order").

In addition to the present proceeding, also pending between the parties is a civil action filed at Allegheny County Court of Common Pleas docket GD 04-7510, in which the present Appellants have asserted against the present Appellees, inter alia, a claim for tortious interference with a contract for legal representation. In that action, defended under a reservation of rights by their insurance carrier, Appellees filed a Motion for Summary Judgment.  Subsequently, they filed for Chapter 7

bankruptcy.

In July of 2005, with the Motion for Summary Judgment still pending in the state court, Appellants filed a Motion for relief from the automatic stay imposed by the bankruptcy filing, seeking to proceed with the state court action.   In connection with the Motion, Appellants averred that they intended to pursue their tortious interference claim in state court, in order to liquidate the claim.   In opposing the Motion, Appellants sought to limit the relief from stay to permit the state court action to proceed with respect to the extent of insurance proceeds available.

The Bankruptcy Court, per Judge McCullough, held a hearing on Appellants' Motion for relief from the stay.  On September 1, 2005, Judge McCullough entered two Orders.  The first, in pertinent part, permitted Appellants to proceed in the state action to "seek recovery from insurance proceeds only - No claims against the estate," and the second provided as follows:

> [T]he portions of the Motion for Relief from the Automatic Stay asserting that the claim is non-dischargeable pursuant to 11 U.S.C. §523; and, that the Bankruptcy Petition was filed in bad-faith are dismissed without prejudice to McVay's right to file objections to discharge in the Bankruptcy Court.

In the meantime, Appellees' Motion for Summary Judgment was still pending in state court.  The parties argued that Motion in state court on September 13, 2005, and the court took it under advisement.   The record indicates that the Motion remains outstanding at this time.

In October of 2005, Appellants commenced an adversary proceeding in the

2

Bankruptcy Court, by way of a Complaint objecting to discharge.  The Complaint discussed the pendency of the state court action, incorporated the allegations set forth in the state court action, and stated that the "currently unliquidated debt" should not be discharged in bankruptcy.   Appellees filed an Answer to the Complaint, incorporating their Answer to the state court action, denying that they were a creditor of Appellants, and denying that they committed any tortious conduct.  Appellees' Answer also cited to the summary judgment issues pending in state court.

Subsequently, on December 6, 2005, Appellees filed in the Bankruptcy Court a Motion to withdraw their Answer to the Complaint objecting to discharge.  The Motion stated that counsel had been informed to "do nothing further to defend" in the adversary proceeding.   This followed a letter from Appellees to their then-counsel, directing him to refrain from further work on the adversary proceeding.  The Motion also stated as follows:

> The debtors' attorney is therefore requesting that the answer filed on behalf of the defendants be withdrawn and this Honorable Court can therefore grant the relief requested by the plaintiff herein.

Accordingly, on December 7, 2005, the Court granted the Motion, decreeing that the Answer be withdrawn.  Then, on December 8, 2005, the Court signed the proposed Order that was attached to Appellants' Complaint.[1]  In so doing, the Court did not complete the blanks left open for dollar amounts.  Instead, it drew a line

---

[1]No hearing or conference was held on the request to withdraw Appellees' Answer, prior to the entry of either the December 7 or December 8 Orders.

through each of those blanks.  The Order read, in pertinent part, as follows:

> 1.  Judgment is found in favor of the Plaintiff, the law Offices of William McVay and William W. McVay, Esquire, in the amount of $--.
>
> 2.  The Defendant Judith and Charles F. Szeg's debt to the Plaintiff...in the amount of $– is declared to be non-dischargealbe pursuant to 11 U.S.C. §523(a)(6), and Plaintiffl's]... claim against Defendant....is, therefore, not discharged.
>
> 3.  Plaintiff...is awarded attorney fees and costs in the amount of $–.

Following the December Order, Appellants moved, in state court, to supplement his response to the Motion for Summary Judgment, using the December Order as a finding of liability therein.

On December 15, 2005, therefore, Appellants filed a Motion for Clarification and/or Reconsideration with the Bankruptcy Court, requesting that the Bankruptcy Court "state that the Judgment against the [Appellees] is as to liability only." Appellees responded thereto, and also filed their own Motion for Clarification and/or Reconsideration.   Therein, Appellees asserted that their counsel had been instructed to refrain from further work in the adversary proceeding, but not authorized to withdraw the Answer, and that the withdrawal occurred without Appellees' knowledge or consent.  The Appellees further argued that the December Order decreed only that in the event of a monetary judgment in the state court action, such judgment would be non-dischargeable in bankruptcy.  They contended that no judgment of liability had been made.  The question before the Bankruptcy

4

Court, therefore, was whether the December Order fixed liability, as urged by Appellants, or non-dischargeability of potential debt only, as urged by Appellees.

While the parties' Cross-Motions were pending in Bankruptcy Court, the proceeding was converted to Chapter 13 and transferred to Judge Deller on the Bankruptcy Court.  After hearing from the parties, Judge Deller entered the April Order now under appeal, which vacated the December Order and stayed the adversary proceeding pending resolution of the state court action.   In issuing his April Order, Judge Deller did not accept either party's interpretation of the December Order.  Instead, he determined, essentially, that the December Order was fatally unclear, and that circumstances and justice required that the Order be vacated.

For the following reasons, the April Order will be affirmed, and the appeal denied.

## DISCUSSION

### I. Standard of Review

Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the Bankruptcy Court to judge the credibility of witnesses.  Bankr. R. 8013; In re Trans World Airlines, Inc., 145 F.3d 124, 131 (3rd Cir. 1998); In re Siciliano, 13 F.3d 748, 750 (3rd Cir. 1994).  A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a

definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985). The Bankruptcy Court's legal conclusions are subject to de novo review, and its exercise of discretion for abuse thereof. Trans World Airlines, 145 F.3d at 124. When considering a mixed question of law and fact, the reviewing court will separate the question into its respective components and apply the appropriate standard to each. In re Brown, 951 F.2d 564, 567 (3d Cir. 1991).

Notably, "[t]he grant or denial of...motions under Rule 60(b) [other than (b)(4)]...may be reversed only for an abuse of discretion." In re Fonner, 47 Fed. Appx. 178, 181 (3d Cir. 2002) (quoting Page v. Schweiker, 786 F.2d 150, 152 (3d Cir. 1986)). Discretion is abused if "no reasonable person would concur in the...court's assessment of the issue under consideration." Pfizer Inc. v. Uprichard, 422 F.3d 124 (3d Cir. 2005).

Also pertinent here is that default judgments are generally disfavored, and doubts as to whether such a judgment should be set aside should be resolved in favor of reaching a decision on the merits. Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987).

## II. **Appellants' Arguments**

In this Appeal, Appellants argue that the Bankruptcy Court erred in its treatment of both their Motion for Clarification and/or Reconsideration, and that filed by Appellees. I will address the parties' Motions in turn.

### A. **Appellants' Motion for Clarification and/or Reconsideration**

First, I address Appellants' argument that the Bankruptcy Court erred in

treating their Motion for Clarification and/or Reconsideration under Rule 59, rather than under Rule 60.  Appellants contend that they sought correction of a mere clerical error under Rule 60(a), and that the Bankruptcy Court exceeded its authority by taking action "not contemplated by [the parties]."

Initially, Appellants contend that their Motion should have been considered a request to correct a clerical mistake – the mistake being the lines that the Bankruptcy Court drew through the blanks provided, in Appellants's Proposed Order, for the eventual insertion of dollar amounts.

Rule 60(a) reads, in pertinent part, as follows:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

Fed. R. Civ. P. 60(a).

> [T]he relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule. As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed. If, on the other hand, cerebration or research into the law or planetary excursions into facts is required, Rule 60(a) is not a perpetual right to apply different legal rules or different factual analyses to a case. It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a).

In re Diet Drugs Prods. Liab. Litig. Elliot Palay, No. 05-4204, 2006 U.S. App. LEXIS 20433, at *23 (3d Cir. Aug. 9, 2006) (quoting Pfizer, Inc. v. Uprichard, 422 F.3d 124, 130 (3d Cir. 2005)).

Here, the Appellants' Motion sought "clarification" that the Order entered judgment on liability.  In other words, it sought explication of the extent of the meaning of the term "judgment," as employed in the December Order.  The Motion was not, therefore, a question of "mindless and mechanistic" erasing or filling in blanks.  The determinative issue is not, as Appellants urge, whether they sought a change in the parties' substantive rights; it is the materially but perhaps subtly different question of whether the change sought will affect such rights.  That Appellants couch their Motion as seeking to clarify a scrivener error, or as correcting an omission of explanatory language, is not controlling.  The question of which rights or issues were adjudicated by the judgment handed down clearly and directly affects the substantive rights of the parties  – arguably, the rights central to both bankruptcy and state court actions.

As the Bankruptcy Court stated, the "meaning and effect" of the December Order were unclear.   In context of the state court litigation and the Bankruptcy Court's prior Orders, I agree.  Accordingly, it would strain reason to find it "apparent that the court intended one thing but by merely clerical mistake or oversight did another." Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 668-69 (5th Cir. 1986). The Bankruptcy Court's intentions, under the circumstances, were simply not apparent. This uncertainty cannot be characterized as a clerical error, or a mistake in copying, computation, mechanics, or other appropriate synonym.  In

sum, Rule 60(a) was not applicable to Appellants' Motion.

Although Appellants do not advance any significant argument affirmatively attacking the use of Rule 59(e), I further find that Rule applicable here. As Appellants urge, any post-judgment motion served within ten days after the entry of judgment, other than a motion to correct clerical errors, "is within the unrestricted scope of Rule 59(e) and must, however designated by the movant, be considered as a Rule 59(e) motion...." Harcon, 784 F.2d at 668. Rule 59(e) addresses motions to alter or amend judgments.[2]   Applicable procedural rules do not specifically provide for motions for reconsideration; such motions may be treated under Rule 59(e). E.g., Burger v. Mays, 176 F.R.D. 153, 155 (E.D. Pa. 1997). Having determined that the subject Motion for Clarification and/or Reconsideration was not one to correct purely clerical errors, I likewise determine that the Motion fell within the scope of Rule 59(e), and that the Rule was properly applied.

**B. Appellee's Motion for Clarification and/or Reconsideration**

Next, I address Appellants' argument that the Bankruptcy Court improperly treated the Appellees' Motion according to Fed. R. Civ. P. 60(b)(1).   In contending improper treatment, Appellants appear to challenge the Bankruptcy Court's conclusion that a mistake in fact occurred, and also its legal decision to apply Rule 60(b)(1) thereto.[3]

That Rule reads, in pertinent part, as follows:

---

[2]Contrary to Appellants' suggestion, Rule 59(e) is not limited to situations in which a trial has occurred.  See, e.g., Belair v. Lombardi, 151 F.R.D. 698, 699 (M.D. Fla. 1993).

[3]Appellants do not suggest an alternative, appropriate Rule.

9

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.

Fed. R. Civ. P. 60(b).

As Appellants assert, this Rule does not call for application of "a rigid formula or per se rule." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984). Instead, a court should consider prejudice to plaintiff if the judgment is lifted; whether defendant has a meritorious defense; and whether the judgment resulted from defendant's culpable conduct. Lorenzo v. Griffith, 12 F.3d 23, 27 (3d Cir. 1993).

As regards the factual questions presented, Appellants take issue with the Bankruptcy Court accepting Appellees' "unverified" representations regarding the extent of counsel's authority; they suggests that doing so encourages or allows plaintiffs to make false representations with impunity.[4]  Importantly, however, the Bankruptcy Court's Order did not rely solely upon counsel's asserted lack of authority.  While the unauthorized conduct most likely provided meaningful context, the "mistake" ultimately at issue was Appellees' belief that the Court would

_____

[4]This, however, is not so.  Bankruptcy Rule 9011 imposes certain obligations on an attorney or unrepresented party, rendering unnecessary additional verification.  For example, by presenting a matter to the Court, an attorney or unrepresented party certifies that to the best of the presenter's knowledge, information, and belief, formed after reasonable inquiry, the matter is not being presented for any improper purpose.  That Rule further allows sanctions for its breach.  The Bankruptcy Court, therefore, was entitled to accept representations to the Court; if Appellants deemed those representations improper or unfounded, they had the option of moving for sanctions.

I note, too, that the Bankruptcy Court cited In re Slomnicki, 243 B.R. 644 (Bankr. W.D. Pa. 2000), as support for a general proposition, and did not "principally rely" on that case.  So, too, with the citation to U.S. v. Moradi, 673 F.2d 725 (4th Cir. 1982).  The distinctions that Appellants cite do not affect the Bankruptcy Court's, or my, decision.

not take certain action, not that counsel took unauthorized action. The Bankruptcy Court accepted the representation, with which Appellants do not argue, that Appellees directed then-counsel to take "no further action" to defend the adversary proceeding. It is apparent that the Bankruptcy Court evaluated the Appellees' belief that led them to choose inaction, and concluded that if Appellees had understood that the Bankruptcy Court would adjudicate liability, it would not have instructed inaction.

In reaching that conclusion, the Bankruptcy Court was in possession of various facts. It had been apprised, for example, that Appellees' summary judgment motion was pending in the state court action.   It expressly considered the fact that a prior Order permitted the state court action to proceed in order to attempt recovery of insurance proceeds.  Although it did not set forth in detail all of its considerations, the Bankruptcy Court also took judicial notice of the facts and circumstances in the court file.  Under these conditions, I will not disturb the eminently reasonable conclusion that absent significant mistake, a party in these circumstances would not have consented to a summary or default adjudication of liability in the Bankruptcy Court.[5]

Regardless of that conclusion, Appellants urge that the Bankruptcy Court erred in its application of Rule 60(b)(1).  I find, first, that Appellants are not unfairly

---

[5]I have come across the principle, not raised by Appellants, that "Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts." Cashner v. Freedom Stores, 98 F.3d 572, 577 (10th Cir. 1996).  Nevertheless, this case does not "simply" involve such a misunderstanding; it is joined with unauthorized conduct by counsel and parallel litigation.

prejudiced merely because of lengthy litigation.  Vacating a judgment will certainly prolong the litigation, "[y]et Rule 60(b) certainly contemplates that some judgments will be vacated." See Randall v. Merrill Lynch, 820 F.2d 1317, 1321-22  (D.C. Cir. 1987). Any prejudice flowing from the decision in this regard is not unfair.  Moreover, whether Appellee's alleged "stall tactics" are proper does not bear on the issue of prejudice to Appellants.  Moreover, in reaching its conclusions regarding Appellees' misapprehensions, the Bankruptcy Court clearly had to have considered Appellees' culpability with respect to the default.  Appellee has asserted a defense to the tort claims in the state court action; a meritorious defense is presumptively established when the allegations of defendant's answer, if established, would constitute a complete defense. Hritz, 732 F.2d at 1181.  Given Appellees' position in state court, a meritorious defense is present.

Finally, to the extent that Appellants argue that the Bankruptcy Court's action was not legitimate because its conduct was not contemplated or requested by the parties, I reject that argument.  It is clear that Rule 60(b)(1) permits the court to fashion relief upon such terms as are just, whether or not contemplated by the parties.  Under the circumstances, vacating the December Order was just.[6]

### CONCLUSION

As Appellants observe, the rules of practice and procedure are informed by the "incessant command of the court's conscience that justice be done in light of

---

[6]Given my decision that the Court acted appropriately, I need not address Rule 60(b)(4) and (6), cited only as additional grounds for the Bankruptcy Court's decision, "to the extent" that Appellants' interpretation of the December Order were accepted.   As stated infra, the Bankruptcy Court did not base its vacatur on accepting that interpretation.

all the facts." <u>Rosebud Sioux Tribe v. A & P Steel, Inc.</u>, 733 F.2d 509, 515 (8th Cir. 1984). The potentially limitless facts of life that give rise to litigation, and the human errors committed during its course, often do not fit neatly into the carefully crafted but necessarily limited rules that form our legal system.  Hence the need for some measure of elasticity in those rules, and the investiture of some measure of discretion in those who apply them.  The Bankruptcy Court, in stating that the Federal Rules do not treat pleading as "a game of skill in which one misstep by counsel" is decisive, appropriately emphasized its mindfulness of the aim of justice.

To the extent that the Bankruptcy Court found facts in this case, upon which it relied in rendering its legal conclusions, I have no conviction that a mistake has been committed.  Therefore, I find no error.  With respect to the legal conclusions under appeal, under applicable standards of review, I see no reason to disturb those conclusions.  Therefore, I will deny this appeal and affirm the Order that is its subject.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAW OFFICES OF WLLIAM W. MCVAY and | ) | |
| WILLIAM W. MCVAY, ESQ., individually | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| -vs- | ) | |
| | | Civil Action No.  06-704 |
| | ) | |
| CHARLES F. SZEG and JUDITH E. SZEG, | ) | Bkcy. Court No. 05-28355-JAD |
| | ) | |
| | ) | Adversary No.   05-3096 |
| Appellees. | ) | |

AMBROSE, Chief District Judge.

# ORDER OF COURT

AND NOW, this **3rd** day of October, 2006, after careful consideration of the parties' submissions, it is ORDERED that Appellant's Appeal (Docket No. 1) is DENIED, and the April 19, 2006 Order of the Bankruptcy Court is AFFIRMED.  This case is "CLOSED" forthwith.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

PC  HON. JEFFREY A. DELLER, USBJ

14